## Ohio and Kentucky Fuel Company v. First National Bank of Prestonsburg.

(Decided June 3, 1927.)

### Appeal from Floyd Circuit Court.

Bills and Notes.—Trade acceptance given in renewal of a valid existing acceptance, then owned by the drawer's bank as collateral security, held supported by valuable consideration, notwithstanding that at time of renewal the drawer was indebted to the acceptor.

J. BASCOM CLARKE for appellant.

C. B. WHEELER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The Ohio & Kentucky Fuel Company is seeking to reverse a judgment for $2,500 recovered against it by the First National Bank of Prestonsburg, Ky. The First National Bank of Prestonsburg, Ky., sued the Purity Cannel Coal Company et al. upon a promissory note for $2,500, and in the course of that proceeding it amended its petition and sought judgment against the Ohio & Kentucky Fuel Company upon a trade acceptance for $2,500, which was attached as collateral to the note originally sued on. The Ohio & Kentucky Company in its answer set up various defenses, the most important one being that this trade acceptance was an accommodation paper, given by it to the Purity Cannel Coal Company at a time when it did not owe the Purity Cannel Coal Company that or any other sum, and that, therefore, the trade acceptance was given without consideration. The crucial question presented is, was that true? For, if there was a consideration for the giving of this trade acceptance, we can disregard all the other defenses. In October, 1921, the Purity Coal Company was engaged in mining coal which it was selling to the Ohio & Kentucky Fuel Company, and for which coal it would pay in trade acceptances. In October, 1921, it gave to the Purity Cannel Coal Company two trade acceptances, one for $2,000, and another for $900. These trade acceptances were renewed, it seems, and they became merged into one trade acceptance for $2,900. This trade acceptance was not paid when it matured, and the bank required the Purity

Cannel Coal Company to give its note, indorsed by some of its officers, for the debt represented by the $2,900 trade acceptance. To this note the trade acceptance was attached as collateral security. Of this, $400 was paid, and thus the indebtedness reduced to $2,500. The debt continued to drag along, and the bank was anxious to collect. In the meantime, the Purity Cannel Coal Company had gotten into financial straits, and, it appears, was actually indebted to the Ohio & Kentucky Fuel Company. At the request of the bank, one of the officers of the coal company took this $2,900 acceptance to Cincinnati, to see the Ohio & Kentucky Fuel Company, with a view to getting it paid. The Ohio & Kentucky Fuel Company did not pay it, but did give a new trade acceptance for $2,500, which was by the bank attached to the note of the Purity Cannel Coal Company, in lieu of the old one, which was then surrendered, and it is this new trade acceptance upon which this judgment was rendered. It contends that because the Purity Cannel Coal Company was indebted to it at the time it gave this new trade acceptance, there was no consideration for it, but it forgets the fact that it was renewing a debt which it owed to the First National Bank of Prestonsburg, evidenced by the old trade acceptance that was surrendered at the time the new one was given, and hence it makes no difference what may have been the state of the accounts between the Ohio & Kentucky Fuel Company and the Purity Cannel Coal Company at the time the new acceptance was given. It therefore follows that its defense was without merit, and the judgment is affirmed.